IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 8:07-936-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| James Rhett Miller, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on James Rhett Miller's ("Miller") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Miller's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2007, Miller pled guilty to one count of possession of an unregistered short-barreled shotgun. On April 21, 2007, the court sentenced Miller to one hundred fifteen months' imprisonment. Miller appealed his conviction and sentence. On December 16, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Miller's conviction and sentence. United States v. Miller, No. 08-4537, 2008 WL 5232730, at *2 (4th Cir. Dec. 16, 2008) (unpublished). Miller filed the instant § 2255 motion on October 23, 2009.[1] In his § 2255 motion, Miller alleges that his counsel was constitutionally ineffective in numerous respects, his guilty plea was not knowing and voluntary, he is actually innocent, and the court lacked jurisdiction to sentence him. (Miller Mem. Supp. § 2255 Mot., generally.)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

## II. Discussion of the Law

### A. Claims Argued on Direct Appeal

Two of the claims Miller alleges in the instant motion were also raised on direct appeal: (1) his guilty plea was not knowing and voluntary, and (2) he is actually innocent. (Id.) Miller cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). The Fourth Circuit held that the plea colloquy complied with Rule 11 and that "Miller's conclusory assertions that he is 'actually innocent' of the offense and that his plea was not knowingly and voluntarily made are directly contradicted by the record." Miller, 2008 WL 5232730, at *1. Therefore, these arguments are without merit.

### B. Ineffective Assistance of Counsel Claims

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Miller must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Miller must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Miller alleges that his counsel was constitutionally ineffective for the following reasons: (1) failure to explain law and charges, (2) failure to object to presentence investigation report ("PSR") regarding use of uncounselled prior convictions, (3) failure to conduct an adequate

investigation, (4) failure to interview and call defense witnesses, (5) failure to file proper pretrial motions, (6) failure to properly advise, (7) failure to object to insufficient Rule 11 plea colloquy, (8) failure to advise of available defenses, (9) failure to object to insufficient factual basis for guilty plea, (10) failure to object to sentence, (11) failure to advocate in Miller's interests, and (12) failure to object to a jurisdictional flaw. (Miller Mem. Supp. § 2255 Mot., generally.)

### 1. Failure to Explain Charges and Failure to Properly Advise

Miller alleges that his counsel was constitutionally ineffective because he "never advised Miller about possible challenges to search and seizure; failed to apprise Miller as to any possible defenses; and basically scared Miller into pleading guilty to Count Two by over-stating the prosecution's evidence against Miller and exaggerating the applicable sentencing exposure." (Miller Mem. Supp. § 2255 Mot. 2.) In addition, Miller alleges that his counsel incorrectly informed him that he faced a life without parole sentence if he did not plead guilty. (Id.) Further, Miller submits that counsel erroneously told him that he had three predicate prior convictions under the Armed Career Criminal Act. (Id.) Miller was charged in the indictment with one count of possession of a firearm by a prohibited person and one count of possession of an unregistered short-barreled shotgun. Miller alleges that his counsel's erroneous advice coerced him to plead guilty.

By pleading guilty, count one was dismissed. Miller states that he "could have went to trial on Counts One and Two of the indictment and not gotten a sentence much more than the 115 months received upon pleading guilty. Had counsel provided Miller with competent legal advice Miller would not have pled guilty." (Id. 3.)

A defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). "Counsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656-57 n.19 (1984). Even if Miller's counsel provided incorrect information regarding the potential sentence if he proceeded to trial, Miller has not been prejudiced by his counsel's advice to plead guilty.

As Miller concedes, he would have faced a greater sentence had he proceeded to trial and been found guilty. Miller's advisory guideline sentence without acceptance of responsibility would have been 120 months' imprisonment.[2] Miller received the benefit of a shorter sentence by pleading guilty. In addition, Miller received the benefit for acceptance of responsibility, which gave Miller a three-point reduction to his total offense level. Miller's initial advisory guideline range was 77 to 96 months' imprisonment. However, Miller received a two-point increase for obstruction of justice because he absconded while on bond after pleading guilty, which increased his advisory guideline range to 96 to 115 months' imprisonment. The court sentenced Miller to 115 months' imprisonment. Therefore, absent Miller's obstruction of justice increase, he would have received a substantially shorter sentence than the statutory maximum of 120 months' imprisonment. Based on the foregoing, Miller has failed to show how he has been prejudiced by his counsel's advice to plead guilty.

---

[2] The advisory guideline range would have been 120 to 150 months' imprisonment. However, the statutory maximum sentence is 120 months' imprisonment.

In addition, Miller's testimony during his guilty plea hearing undermines his claim. During the guilty plea colloquy, under oath, Miller stated that he had enough time to discuss his case with counsel and that he was satisfied with her representation. (Guilty Plea Tr. 8-9.) Further, a review of the transcript reveals that Miller was informed of the charges against him, the elements of the charge, and the statutory sentencing provisions as follows:

> THE COURT: The elements of this offense are, first, that you knowingly received and possessed the firearm described in the indictment, that such firearm was not registered to you in the National Firearms Registration record, and you knew the features of your weapon that brought it within the scope of the Act. Do you understand those elements?
>
> MR. MILLER: Yes, sir.
>
> THE COURT: The statute provides for a maximum sentence of not more than ten years, a maximum fine of $250,000, supervised release for three years and a special assessment of $100. Do you understand that?
>
> MR. MILLER: Yes.
>
> THE COURT: You have told me you understand what you are charged with, what the statutory sentencing provisions could be and what the elements are. Understanding all of that, do you still wish to plead guilty?
>
> MR. MILLER: Yes, Your Honor.

(Id. 13-14.) Miller stated that no one had "threatened, forced or coerced" him "in any way to get" him to plead guilty or promised him what his sentence would be. (Id. 18-19.) Moreover, Miller stated that he had no complaints of his attorney or anyone else in connection with his case. (Id. 9.)

The court finds that Miller voluntarily and intelligently pled guilty. Based on the foregoing, Miller fails to show that his counsel acted in an objectively unreasonable manner in

advising him to plead guilty or that he has been prejudiced by his counsel's advice. As such, this claim is without merit and warrants no further consideration.

## 2. Failure to Object to Uncounselled Prior Convictions

Miller alleges that if his counsel had objected to the use of his uncounselled convictions in calculating his criminal history category, his criminal history category would have been a IV as opposed to a VI. (Miller Mem. Supp. § 2255 Mot. 3-4.) A defendant may collaterally attack prior convictions used to enhance his sentence under the U.S.S.G. if the prior convictions were obtained in violation of the right to counsel. Custis v. United States, 511 U.S. 485, 487 (1994). However, "[t]here is a presumption of regularity of prior convictions used for purposes of enhancing a sentence." United States v. Krejcarek, 453 F.3d 1290, 1297 (10th Cir. 2006) (internal quotation marks omitted). "Self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded prior convictions." Id. at 1297-98. Pursuant to S.C. Code Ann. § 17-3-10,

> [a]ny person entitled to counsel under the Constitution of the United States shall be so advised and if it is determined that the person is financially unable to retain counsel, then counsel shall be provided upon order of the appropriate judge unless such person voluntarily and intelligently waives his right thereto.

Miller has failed to adduce any evidence that he did not voluntarily and intelligently waive his right to counsel in his uncounselled convictions. Based on the foregoing, Miller has failed to show that his counsel was objectively unreasonable in failing to object to these prior uncounselled convictions. Therefore, this claim is without merit.

### 3. Lack of Preparation and Investigation Claims

With respect to Miller's allegations that counsel was ineffective for failing to conduct an adequate investigation, to interview and call defense witnesses, to file proper pretrial motions, to advise of available defenses, and to advocate for Miller's interest, these claims are without merit. (Miller Mem. Supp. § 2255, generally.) Miller pled guilty. "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citations omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id. (internal quotation marks and citations omitted). Based on the foregoing, Miller's voluntary and intelligent guilty plea waived this claim.

In addition, Miller fails to explain how he has been prejudiced by counsel's alleged failures with respect to the preparation of the case. "[I]f the ineffectiveness alleged was a failure to investigate thoroughly, which in turn caused the defendant to plead guilty, the defendant must show a likelihood that some evidence would have been discovered which would have caused the attorney to change his recommendation to enter into a plea agreement." United States v. Kauffman, 109 F.3d 186, 191 (3d Cir. 1997). Miller does not explain what further investigation counsel should have undertaken or what witnesses he should have contacted. In addition, Miller does not explain what pretrial motions should have been filed and the basis for filing the motions. Likewise, Miller does not explain how his counsel failed to advocate for him. Moreover, during the guilty plea colloquy, Miller stated that he had enough time to discuss his case with his counsel and that he was satisfied with counsel's representation. (Guilty Plea Tr.

8-9.) These conclusory allegations fail to show that counsel acted in an objectively unreasonable manner with respect to his decisions concerning investigating the case, contacting witnesses, and preparing a defense, and there is no showing of how any of the unnamed witnesses or alleged errors prejudiced Miller. As such, these claims are without merit and warrant no further consideration.

### 4. Failure to Object to Sentence

Miller argues that counsel was constitutionally ineffective for failing to object to the court's sentence. (Miller Mem. Supp. § 2255 Mot. 8.) Miller fails to allege any reason why counsel should have objected to his sentence aside from the uncounselled convictions, which the court has addressed above. Further, on appeal, the Fourth Circuit found that the sentence was reasonable. Miller, 2008 WL 5232730, at *1. Based on the foregoing, Miller has failed to show how counsel was objectively unreasonable or to show prejudice.

### 5. Failure to Object to Guilty Plea Colloquy and Factual Basis for Guilty Plea.

Miller alleged that the Rule 11 plea colloquy was inadequate on direct appeal. (Miller Mem. Supp. § 2255 Mot. 6-8.) As part of the Rule 11 hearing, the court must ensure that there is a factual basis for the guilty plea. Fed. R. Crim. P. 11(b)(3). On direct appeal, the Fourth Circuit "reviewed the record and [found] no error" with the Rule 11 hearing. Miller, 2008 WL 5232730, at *1. Given that there was no error, counsel lacked any basis to object. Therefore, this claim is without merit.

### C. Lack of Jurisdiction

Lastly, Miller alleges that the court lacked jurisdiction to adjudicate the case against him. Miller fails to allege any basis for alleging the court lacked jurisdiction and the court is unable to discern any basis. Therefore, this claim fails on the merits.

It is therefore

**ORDERED** that Miller's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
November 2, 2009

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.